## Lee, et al. v. Woods.

(Decided December 18, 1914.)

### Appeal from Hickman Circuit Court.

1. Warranty—Breach—Failure of Title—Instruction. — Defendants sold plaintiff a mule without knowledge of an existing mortgage. Two years later the mortgagor brought suit to enforce the mortgage lien and levied an attachment on the mule then in plaintiff's possession. Plaintiff delivered the mule which was at that time afflicted with blindness and distemper, to the sheriff, and called on defendants to defend the title. Defendants purchased the mule when sold by the sheriff and tendered it to plaintiff, together with $10.00 to pay for the use of the mule while out of plaintiff's possession. Plaintiff refused to take the mule back and brought an action against defendants to recover damages for breach of warranty. Held, that there was no failure of title and that the court erred in setting aside the judgment on the first trial of the case, rendered pursuant to instructions authorizing a verdict for defendants if they should believe that defendants had used reasonable diligence to perfect the title to the mule within a reasonable time, and tendered said mule to plaintiff, together with a fair and reasonable amount for the use of the same, requiring, however, that plaintiff should be compensated for loss of the mule's services or depreciation in the value of the mule while out of plaintiff's possession.

2. Appeal—When Error in Instructions Cured by Verdict. —In an action for damages, where the jury fails to award damages, it is immaterial whether the instruction on the measure of damages was correct or not.

R. L. SMITH for appellants.

FLATT & VIA for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In March, 1911, George Lee and Bill Greer sold to W. H. Woods a mule, the consideration being a mare valued at $180, and $25 in cash. Lee and Greer had bought the mule a few days before in the open market on the streets in Mayfield. At the time of the sale Drewery and Ringo had a mortgage on the mule to secure a note for $180, dated November 30, 1909, and payable twelve months after date. The mortgage had been executed to them by one Davis, a former owner of the mule, and was on record in Hickman County, where Davis resided at the time. The mule, when purchased by Lee and Greer,

was not owned by Davis, and it conclusively appears that neither Lee nor Greer nor Woods knew of the mortgage in question, or knew that Davis had ever been the owner of the mule. In February, 1913, Drewery and Ringo brought suit in the Hickman Quarterly Court to enforce their mortgage lien. At that time Davis, the mortgagor, was a non-resident. They sued out an attachment and had it levied on the mule while in Woods' possession. Woods kept the mule as bailee for the sheriff from the time it was levied on until the third Monday in March, when the mule was brought by Woods to Clinton, the county seat, and turned over to the sheriff. The mule was then blind and had a bad case of distemper. This condition existed for several months. On the same day the Hickman Quarterly Court ordered the mule sold to satisfy the debt of Drewery and Ringo. When the attachment suit was filed, Woods served notice on Lee and Greer to defend the title. Lee and Greer investigated the matter and found that the mortgage was valid. Fourteen days after the mule was delivered by Woods to the sheriff it was sold. When sold the mule was purchased by Lee and Greer, and thereupon tendered by them to Woods. At the same time they also tendered Woods $10 to pay for the use of the mule while out of his possession. Woods refused to take the mule back.

Woods brought this action against Lee and Greer to recover damages for breach of warranty. On the first trial there was a verdict and judgment in favor of Lee and Greer. A new trial was granted. On the second trial there was a verdict and judgment in favor of Woods for $205. Lee and Greer appeal.

On the first trial the court instructed the jury as follows:

"(1) The court instructs the jury that if they believe from the evidence that defendants Lee and Greer used reasonable diligence to perfect the title to the mule, within a reasonable time, and tendered said mule to plaintiff, together with a fair and reasonable amount for the use of same, the law is for the defendants and you should so find; unless you further believe from the evidence that the value of said mule had depreciated while out of plaintiff's possession, in which event you will find for plaintiff the reasonable difference, if any, in the value between said mule when tendered back, and the said mule on the day he was taken from the possession of plaintiff, and also the reasonable value of the

services of said mule while out of the possession of plaintiff, provided no.tender was made to plaintiff by defendants of said amount for the use of the mule was made at the time of the tender of the mule.''

''(2) The court instructs the jury that plaintiff in law was not bound to accept the mule when tendered, if not done within a reasonable time after being deprived of its use, nor to accept said tender or take the mule back, if the mule had in any material or substantial degree, deteriorated or depreciated in value, from the time plaintiff was deprived of the possession of said mule; and if you so believe, you will find for plaintiff the reasonable cash value of said mule at the time he was taken from plaintiff's possession, not exceeding two hundred twenty-five dollars ($225.00). And, further, any reasonable damage plaintiff sustained in being deprived of the mule for the time he was deprived of the possession of said mule, at the time he was tendered back, not exceeding fifty dollars ($50.00) for this item, and not more than two hundred seventy-five dollars ($275.00) in all.''

The new trial was granted because the court came to the conclusion that the above instructions were erroneous. On the second trial the court refused to give either of the above instructions, but in lieu thereof gave the following instruction:

''The court instructs the jury to find for the plaintiff the reasonable cash value of the mare exchanged by plaintiff for the mule at the time of the exchange, and in addition thereto twenty-five dollars ($25.00), paid by plaintiff to the defendants at the time of the exchange, in all, however, not exceeding the sum of two hundred five dollars ($205.00).''

Defendants insist that the instructions given on the first trial were proper, and that the court erred in setting aside the judgment and in refusing to give these instructions on the second trial. While plaintiff insists that as there was a breach of warranty, the instructions given on the first trial were not authorized, and he was entitled to recover the purchase price paid for the mule in accordance with the instruction given on the second trial. We deem it unnecessary to pass on the proper measure of damages had there been no tender of the mule to plaintiff. On the first trial the jury found for the defendants. In other words they found that plaintiff was not entitled to any damages. That being true it

is immaterial whether the measure of damages was correct or not. Seibert's Assignee v. Ragsdale, 103 Ky., 206, 44 S. W., 653; Gallimore v. Brewer, 22 Ky. L. R., 296, 57 S. W., 253; L. & N. R. R. Co. v. Crady, 24 Ky. L. R., 2339, 73 S. W., 769.

The whole case, therefore, turns on the propriety of instruction No. 1, given on the first trial. This is not a case where the vendor acquired title after suit had been brought for a breach of warranty. It is a case where he acquired title and tendered the property, together with the reasonable value of its use while out of plaintiff's possession, prior to the bringing of the suit on the warranty. The evidence shows that when the mule was taken from the possession of plaintiff he was blind and had a bad case of distemper. This blindness had existed for some time. Manifestly, if when the judgment was entered enforcing the mortgage lien Lee and Greer had then paid the judgment, they would have had the right to insist on Woods accepting the mule. We cannot see any difference in principle between their discharging the incumbrance in this way and their purchasing the mule a few days later, and then tendering the mule itself to Woods, provided, of course, the mule was then in the same condition as it was when taken from Woods' possession. The only disadvantage which Woods could have suffered under the circumstances was the loss of the use of the mule during the time he was deprived of it. To cover this loss Lee and Greer tendered him $10. The jury evidently concluded that there was no loss, because, owing to the mule's condition, it could not be used to advantage during that time. Woods' whole case was predicated on the idea that there was a failure of title when he lost the mule in question. As a matter of fact he did not lose the mule, but was deprived of its use only during a period when the mule was not in condition to be used. By tendering the mule back within a reasonable time Lee and Greer placed Woods in practically the same situation that he would have been in had there been no mortgage on the mule. We therefore conclude that instruction No. 1, given on the first trial, was not erroneous, but accords more with the justice of the case than the instruction given on the last trial, which permitted plaintiff to recover the purchase price of the mule two years later when the mule was practically worthless, when all that he had been deprived of was the use of the mule during a period when he could not have

been used to advantage. We, therefore, conclude that the court erred in setting aside the first judgment and in awarding plaintiff a new trial.

Judgment reversed and cause remanded with directions to enter judgment in conformity with the verdict of the jury on the first trial.